**EXHIBIT A**

<u>Appendix XII-B1</u>

| | | |
|---|---|---|
| | **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed | **FOR USE BY CLERK'S OFFICE ONLY**<br>PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY/PRO SE NAME<br>PAUL A. SOCHANCHAK | TELEPHONE NUMBER<br>(856) 382-1301 | COUNTY OF VENUE<br>Camden |
|---|---|---|
| FIRM NAME (if applicable)<br>LUNDYLAW | **FILED** | DOCKET NUMBER (when available)<br>L-106612 |
| OFFICE ADDRESS<br>1040 KINGS HIGHWAY NORTH, SUITE 305<br>CHERRY HILL, NJ 08034 | MAR -2 2012 | DOCUMENT TYPE<br>COMPLAINT |
| | | JURY DEMAND  ■ YES  ☐ No |
| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>CHARLES O'DELL | CAMDEN COUNTY SUPERIOR COURT<br>O'DELL V. SAVAGE ET AL | |

| CASE TYPE NUMBER (See reverse side for listing)<br>603Y | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|
| | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASELAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES  ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>NATIONAL SPECIALTY INSURANCE    ☐ NONE<br>☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES  ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ Yes  ☐ No |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 01/03/2011, CN 10517-English                                                                                   page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 280  ZELNORM
- 285  STRYKER TRIDENT HIP IMPLANTS
- 288  PRUDENTIAL TORT LITIGATION
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD

### Mass Tort (Track IV)
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 275  ORTHO EVRA
- 277  MAHWAH TOXIC DUMP SITE
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 283  DIGITEK
- 284  NUVARING
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 601  ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ Putative Class Action        ☐ Title 59

LUNDYLAW
BY: Paul A. Sochanchak, Esquire
1040 North Kings Highway, Suite 305
Cherry Hill, NJ  08034
856-382-1301

ATTORNEY FOR PLAINTIFF

CHARLES O'DELL

Plaintiff(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
CAMDEN COUNTY

vs.

WILBERT THOMAS SAVAGE;
BRADWAY TRUCKING;
JOHN DOES, 1 through 10 (fictitious named
defendants), and JOHN DOES 11 through
20 (fictitious named defendants)
individually, jointly, severally and/or in
the alternative,

Defendant(s)

Civil Action

DOCKET NO.: L-1066-12



Plaintiff(s), Charles O'Dell residing at 6126 Tulip Street in the City of Philadelphia and

Commonwealth of Pennsylvania by way of Complaint say:

## FIRST COUNT

1.    On or about March 29, 2010, the plaintiff, Charles O'Dell, was in a tractor trailer

which was parked in the parking lot of Kraft Foods in the Town of Winchester, and State of

Virginia.

2.    On said date, defendant, Wilbert Thomas Savage, was operating a tractor trailer

owned by defendant, Bradway Trucking, that was traveling in the loading dock area of Kraft

Foods and while backing his vehicle his trailer struck the front of the tractor occupied by the

Plaintiff, Charles O'Dell, and while the defendant continued to strike plaintiff's trailer, plaintiff

attempted to exit the cab falling to the ground and suffering severe personal injuries.

3.    Defendant, Wilbert Thomas Savage, was negligent in the operation of his said

tractor trailer in that he negligently operated his vehicle, was inattentive and careless, and with

negligence, caused a collision between his trailer and the cab of plaintiff's tractor.

4      Defendant, owner, Bradway Trucking, was negligent vicariously and in entrusting, supervising and authorizing the use of the vehicle operated by the defendant, Wilbert Thomas Savage.

5.     On said date, defendant, John Doe 1-10 (a fictitious name designating operator of the vehicle) was operating an vehicle being owned by defendant, John Doe 11-20, (a fictitious name designating the owner of the motor vehicle) which was backing in the loading dock area on the premises of Kraft Foods located in the Town of Winchester, State of Virginia.

6      Defendant, John Doe 11-20, (a fictitious name designating the owner of the motor vehicle) was negligent vicariously and in entrusting, supervising and authorizing the use of the vehicle operated by the defendant, John Doe 1-10, (a fictitious name designating the operator of the motor vehicle.)

7.     On said date, the vehicle being owned by the defendant  and operated by the defendant, Wilbert Thomas Savage, was being operated in a careless, reckless and/or negligent manner which caused said vehicle to collide with the vehicle being operated by the plaintiff, Charles O'Dell.  As a result of said carelessness, negligence and/or reckless manner which said vehicle was being operated, controlled, maintained by said named defendants, the plaintiff, Charles O'Dell, was caused to suffer serious and permanent injuries to his head limbs and body; was caused to suffer pain and may in the future by caused to suffer pain, was caused to incur medical expenses and may in the future be caused to incur medical expenses; was caused to suffer permanent injuries, caused to lose time from his employment and was caused to suffer permanent injuries.

WHEREFORE, the plaintiff(s) Charles O'Dell demands judgment against the defendants Wilbert Thomas Savage and Bradway Trucking for damages, together with interest and cost of

2

suit.

## SECOND COUNT

1.    On or about March 29, 2010, the plaintiff, Charles O'Dell, was in a tractor trailer which was parked in the parking lot of Kraft Foods in the Town of Winchester, and State of Virginia.

2.    On said date, defendant, Bradway Trucking owned a tractor trailer that was being operated by their employee, defendant, Wilbert Thomas Savage, that was traveling in the loading dock area of Kraft Foods and while backing his vehicle his trailer struck the front of the tractor occupied by the Plaintiff, Charles O'Dell, and while the defendant continued to strike plaintiff's trailer, plaintiff attempted to exit the cab fell to the ground and suffer severe personal injuries.

3.    Defendant, owner, Bradway Trucking, was negligent vicariously and in entrusting, supervising and authorizing the use of the vehicle operated by their employee, defendant, Wilbert Thomas Savage.

4.    On said date, defendant, John Doe 1-10 (a fictitious name designating operator of the vehicle) was operating an vehicle being owned by defendant, John Doe 11-20, (a fictitious name designating the owner of the motor vehicle) which was backing in the loading dock area on the premises of Kraft Foods located in the Town of Winchester, State of Virginia.

5    Defendant, John Doe 11-20, (a fictitious name designating the owner of the motor vehicle) was negligent vicariously and in entrusting, supervising and authorizing the use of the vehicle operated by the defendant, John Doe 1-10, (a fictitious name designating the operator of the motor vehicle.)

6.    On said date, the vehicle being owned by the defendant and operated by the defendant, Wilbert Thomas Savage, was being operated in a careless, reckless and/or negligent manner which caused said vehicle to collide with the vehicle being operated by the plaintiff,

Charles O'Dell.  As a result of said carelessness, negligence and/or reckless manner which said

vehicle was being operated, controlled, maintained by said named defendants, the plaintiff,

Charles O'Dell, was caused to suffer serious and permanent injuries to his head limbs and body;

was caused to suffer pain and may in the future by caused to suffer pain, was caused to incur

medical expenses and may in the future be caused to incur medical expenses; was caused to

suffer permanent injuries, caused to lose time from his employment and was caused to suffer

permanent injuries.

WHEREFORE, the plaintiff(s) Charles O'Dell demands judgment against the defendants

Bradway Trucking and Wilbert Thomas Savage for damages, together with interest and cost of

suit.

### THIRD COUNT

The averments of paragraphs 1 through 7 are incorporated herein and made a part hereof.

1       Defendant, John Doe 1-10, (a fictitious name designating operator of the motor

vehicle) was negligent in the operation of his/her said automobile in that he/she negligently

operated his/her vehicle, failed to maintain proper control, failed to obey all applicable traffic

laws and regulations, was inattentive and careless, all of which negligence caused a collision

between his/her automobile and the automobile of plaintiff, .

2.      As a direct and proximate result of the negligence of the defendant, John Doe 1-

10, (a fictitious name designating operator of the motor vehicle) in the manner in which he/she

operated his/her vehicle, and the negligence of the defendant, owner, John Doe 11-20, (a

fictitious name designating the owner of the motor vehicle) vicariously and in the manner that

they entrusted, supervised and authorized the use of the vehicle operated by the defendant, John

Doe 1-10, (a fictitious name designating the operator of the motor vehicle) a collision occurred,

and the plaintiff, Charles O'Dell, was caused to suffer serious and permanent injuries to his head,

4

limbs and body; was caused to suffer pain and in the future may be caused to suffer pain; was

caused to incur medical expenses and may in the future be caused to incur medical expenses; was

caused to suffer permanent injuries and was caused to lose time from his employment and may in

the future be caused to lose time from his employment; was caused to suffer permanent injuries.

WHEREFORE, the plaintiff(s) Charles O'Dell demands judgment against the

defendant(s) Wilbert Thomas Savage, Bradway Trucking, John Doe 1-10 and John Doe 11-20

for damages, together with interest and cost of suit.

I hereby certify that this matter is not the subject matter of any other suit pending in any

other court or American Arbitration proceeding.  At this time, no other court proceeding or

American Arbitration proceeding is contemplated.

Lundy Law

Paul A. Sochanchak

## JURY DEMAND

The plaintiff(s) demand a trial by jury of all of the issues in the within matter.

## CERTIFICATION

I hereby certify that this matter is not the subject matter of any other suit pending in any

other court or American Arbitration proceeding.  At this time, no other court proceeding or

American Arbitration proceeding is contemplated.

## DEMAND FOR INTERROGATORIES

Pursuant to rule 4:17-1 (b)(i), kindly respond to Form C and Form C (1) of interrogatories

as set forth in Appendix II as provided by Court Rules.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Plaintiffs hereby demand, pursuant to R.4:18-1, that the defendants produce the following documents at this office within forty-five (45) days:

1.      Any written statements which you, or your counsel, have in your possession, custody, or control in regard to the incident which is the subject of this lawsuit.

2.      Color Copies of any photographs, videotapes or other reproduction which you have in your possession, custody, or control which relate, in any manner to the incident or the injuries which plaintiff(s) claim to have been sustained as a result of the incident which is the subject of this lawsuit.

3.      Color copies of any photographs, video tapes or other reproduction which you have in your possession, custody, or control of the vehicles involved in the accident that is the subject of this lawsuit.

4.      All psychological/psychiatric records, abstracts, notes or other correspondence from or to any psychologist, psychiatrist, neurophysiologist from whom plaintiff(s) sought treatment or consultation at any time prior to or since the accident that is the subject of this lawsuit.

5.      A copy of all medical records regarding any treatment or consultation sought or received, by plaintiff(s) as a result of the incident that is the subject of this lawsuit before or thereafter.

6.      Any documents which you claim supports the separate defenses set forth in your responsive Pleading to Plaintiff(s) Complaint and your Answers to Interrogatories or rebuts the allegations set forth in plaintiff(s) Complaint or his/her Answers to Interrogatories.

7.      Any and all documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of the accident that is the subject of this lawsuit.

8.      A copy of, or a description by category or location of, all documents, dates of compilations, and tangible things in the possession, custody or control of defendant(s) that relates to the disputed facts alleged with particularity in the pleadings.

9.      A copy of all written reports prepared and signed by any person who may be used at trial under Evidence Rule 702, 703 or 705.

10.     Copies of all notes, records, and reports or all doctors, physiatrists, nurses, psychiatrists, psychologists, neurophysiologist, neurologist, or any other healthcare professional retained by defendant(s) for purposes of performing an examination and evaluation on the plaintiff(s).

11.     Any written statement which you or your counsel have in your possession regarding any of the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading or with respect to any damages.

12.     Any and all insurance agreements or policies under which any person or firm carrying an

6

insurance business may be liable to satisfy part or all of a Judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy Judgment pursuant to R4:10-2(b).

13.   Copies of any and all documents, not otherwise set forth, which was sent to or received from the plaintiff(s).

14.   Copies of any and all statements and other documents obtained by any person or entity which concern or relate to plaintiff(s) Complaint or any defendant(s) Answers, Separate Defense or Counterclaim.

15.   Any and all documents which were filled out by or on behalf of plaintiff at the request of defendant's expert, his/her agents or employees.

16.   Any and all documents considered by defendant's expert in preparing his/her report or conducting an examination or evaluation.

17.   Copies of any and all written reports or summaries of oral reports, as well as a copy of the Curriculum Vitae, of any and all experts that have supplied reports, whose testimony will be offered at the trial of the above matter. R.4:10-2(d)(1).

18.   Any and all diagrams, charts, models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

19.   All photographs, charts, diagrams, maps and other pictorial or graphic depictions of any matter relevant to the action whether in the possession of or under the control of or available to the defendant, the defendants attorney, or in the possession of any representative of that party's insurance carrier, including but not limited to depictions of the condition of and/or damage to physical property. Freeman vs. Lincoln Beach Motel, 182 N.J. Super. 483 (1981).

20.   Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon any expert witness whom the party responding to this document demand intends to call at trial. R. 4:18-1(a)

21.   Any and all treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any opinions, testimony or conclusions asserted by your experts.

22.   Any and all treatises, textbooks, articles, papers, writing, commentaries and documents which you, your counsel and/or your experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, publisher, date of publication and edition.

23.   Any and all transcripts of sworn testimony (including but not limited to depositions and testimony before any tribunal and/or court) given by an expert who may testify in this matter.

7

24.     Any and all documents concerning any and all claims for bodily injury that is in the possession, custody, or control of defendant, his/her attorney, or defendant(s) attorney.

25.     Any and all documents you have concerning any claim for bodily injuries made by plaintiff(s) other than the incident concerning this lawsuit.

26.     Copies of any and all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

27.     Any and all surveillance videos, reports, notes, memorandums or other documents respecting plaintiff.

28.     Any and all records, memoranda, forms, documents and notices relating to claims, notices or suits that have alleged the same or similar conditions(s) as alleged by plaintiff to have caused plaintiff's injury.  Your response to this request should include names and addresses of all claimants, their attorneys, insurance companies, claim numbers, defense attorneys, plaintiff and defendant liability expert reports, photographs portraying the site of accident/incident, interrogatories by all parties, demands for admissions by all parties and depositions of all deponents (if your response to this request would entail voluminous copying, you are requested to contact this office so that reasonable copying and postage expenses may be agreed upon).

29.     Any and all CIB's (Claim Index Bureau), and/or claim index searches on plaintiff.

30.     Any and all property damage appraisals/estimates and any and all supplemental appraisals/estimates for the vehicle plaintiff was occupying at the time of the accident, the vehicle def was occupying at the time of the accident and for any other vehicles that were involved e judgment.

PLEASE TAKE FURTHER NOTICE THAT IN ACCORDANCE WITH THE NEW JERSEY RULES OF CIVIL PRACTICE AND PROCEDURE THE DEMANDS HEREIN ARE CONTINUING DEMANDS.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R.4:25-4, Paul A. Sochanchak, Esquire is hereby designated as trial counsel in the above matter for the plaintiff(s).

Date:  3/2/12

LUNDY LAW

BY:  _____

Paul A. Sochanchak, Esquire

8